IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **JEFFERY HARRIS,** | Case No. 1: 25 cv 414 |
| **Plaintiff,** | |
| -vs- | JUDGE PAMELA A. BARKER |
| **EXXON MOBIL CORPORATION,** *et al.*, | MEMORANDUM OF OPINION AND ORDER |
| **Defendants.** | |

### Background

*Pro se* Plaintiff Jeffery Harris, a resident of Alabama, has filed a "Class Action Complaint" with jury demand in this case against the Exxon Mobil Corporation, the Chevron Corporation, and BP America, Inc. (Doc. No. 1.)

Plaintiff states in his complaint that he was exposed to "leaded gas fumes" and "Godawful choking exhaust" while in Cleveland from 1980 to 1998 and that he has suffered mental and cognitive health problems as a result. (*Id.* at 1, ¶ 1.) He alleges Defendants are "leaded gas titans" who "knew" of the dangers of leaded gas "since the '20s" but "sold it anyway." (*Id.* at 2, ¶¶ 1, 5, and 8.)

Seeking over $5 million in damages, and asserting state-law tort claims for negligence, public nuisance, and product liability, he purports to bring this lawsuit as a class action on behalf of a class of "[a]ll U.S. residents exposed to leaded gasoline, 1920-1996, with mental or cognitive harm – like anxiety, depression, bipolar, PTSD, [and] learning deficits." (*Id.* at 2, ¶ 9.)

In lieu of paying the filing fee, Plaintiff filed a motion to proceed *in forma pauperis*. (Doc. No. 2.) That motion is granted. For the following reasons, his complaint is dismissed.

**Standard of Review**

District courts are expressly required under 28 U.S.C. § 1915(e)(2) to review all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

A complaint warrants dismissal for failure to state a claim if it fails to set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id* at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals under § 1915(e)(2)(B)). Although detailed factual allegations are not required, the allegations in the pleading "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (citations omitted).

Further, although *pro se* complaints are entitled to liberal construction and are held to less stringent standards than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations or construct claims on their behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008); *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

**Discussion**

Upon review, the Court finds that Plaintiff's complaint must be dismissed in accordance with § 1915(e)(2)(B).

As an initial matter, a *pro se* plaintiff may represent only himself in federal court pursuant to 28 U.S.C. § 1654, which provides that "[i]n all courts of the United States the parties may plead and conduct *their own cases personally* or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." *Id.* (emphasis added.) Further, as a *pro se* litigant, Plaintiff is not entitled to bring a class action because non-attorneys cannot adequately represent the interests of a class. *Ziegler v. Michigan*, 90 F. App'x 808, 810 (6th Cir. 2004) ("non-attorneys proceeding *pro se* cannot adequately represent a class."); *Garrison v. Mich. Dep't of Corr.*, 333 F. App'x 914, 919 (6th Cir. 2009) (holding that *pro se* litigants are "inadequate class representatives"); *McComb v. Dominium Property Management*, No. 3: 20 cv 369, 2021 WL 11492072, at *1 (S.D. Ohio Aug. 9, 2021). Accordingly, Plaintiff's complaint fails to state a plausible claim and warrants dismissal to the extent Plaintiff purports to bring his complaint as a class action.

Second, even to the extent Plaintiff purports to bring the action on his own behalf, his complaint fails to state a plausible claim. A complaint must contain "'either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984)). Courts are not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir.1996); *Morgan v. Church's Fried Chicken*, 829 F.2d

10, 12 (6th Cir.1987); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir.1986); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir.1985).

Here, Plaintiff's complaint consists only of speculative and purely conclusory assertions that Defendants sold toxic gas, that he was exposed to such gas, and that this exposure caused him harm. But he does not allege any facts (either in his complaint or any supplemental pleading) pertaining to any specific product or conduct of any Defendant, much less facts permitting a plausible inference that conduct, or toxic product of any Defendant is causally related to his alleged conditions. Even liberally construed, his pleadings do not contain allegations giving rise to plausible product liability, negligence, or public nuisance claims. His allegations amount to "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," which are insufficient to state a claim for relief in federal court. *See Iqbal*, 556 U.S. at 678 ("an unadorned, the-defendant- unlawfully-harmed-me accusation" is insufficient to state a claim for relief).

## Conclusion

For the foregoing reasons, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: June 11, 2025

 s/*Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE